White, J.
We are unanimous in the opinion that the-district court were right in reversing the judgment.
*139 On this application, we only deem it necessary to notice one of the grounds of error assigned in the district court; and that is the ruling of the court in allowing the executor to prove that the widow took what was left of the stock at the death of the testator, and collected the debts outstanding for goods sold.
The admission of this evidence was, in effect, allowing the executor to give his own conduct and that of the wüdow in evidence to discharge the estate from liability.
If the testator was bound for the payment of the indebtedness when it was contracted, no subsequent conduct of his, acting either separately or in conjunction with his wife, in dealing with the stock of goods, could discharge-him from liability; and the same is true of the executor.
The plaintiffs had the right to have the validity of their demand determined upon the state of facts existing at the time the indebtedness was incurred. If they saw proper to show the subsequent conduct of the testator or of his executor, they were at liberty to do so. But the executor could not give his own acts or admissions, nor those of his testator subsequent to contracting the debt, for the purpose of discharging the estate from liability.
The widow was a stranger to the suit; and subsequent to the purchase of the goods, her conduct, with which the plaintiff's were not connected, cduld not affect their rights against the estate.

Leave refused.